# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JANE DOE**,

      Plaintiff,

v.                           Case No: 8:24-cv-02530-WFJ-LSG

**DIRECTIONS FOR MENTAL HEALTH,
INC.** d/b/a Directions for Living

      Defendant.

_____/

## ORDER

Before the Court is Defendant Direction for Mental Health, Inc. d/b/a Directions for Living's ("DFL") Motion to Dismiss the Complaint. Dkt. 10. Plaintiff Jane Doe has filed a Response in Opposition. Dkt. 13. Upon careful consideration, the Court grants the motion to dismiss the Complaint without prejudice.

## BACKGROUND

This case revolves around an alleged unlawful termination due to Plaintiff's alcoholism disability. Plaintiff worked at DFL as a "Peer Specialist." Dkt. 1 ¶ 7. The Florida legislature has specifically defined the qualifications to be a peer specialist:

> Qualifications– A person may seek certification as a peer specialist if he or she has been in recovery from a substance use disorder or mental illness for the past 2 years or if he or she is a family member or caregiver of a person with a substance use disorder or mental illness.

Fla. Stat. § 397.417(2). "Peer specialists provide effective support services because they share common life experiences with the persons they assist." *Id.* § 397.417(1)(a)(3.).

Plaintiff alleges that "[a]t the time of hiring and throughout her employment, Plaintiff met the necessary lived experience disclosure requirements for her position with DFL." *Id.* ¶ 10. However, on or about June 5, 2023, Defendant asked Plaintiff to either disclose her alcoholism disability or be terminated. *Id.* ¶ 11. Specifically, Plaintiff's immediate supervisor, Matthew Peterson, allegedly requested that Plaintiff sign documentation disclosing her status as a recovering alcoholic who was attending Alcoholics Anonymous meetings. *Id.* ¶ 12. At first, Plaintiff declined to sign any form and informed DFL she was not comfortable disclosing her disability. *Id.*

On or about June 23, 2023, Plaintiff alleges she received an email from Program Director Jennifer Whealey stating she must sign the documentation or be terminated. *Id.* ¶ 15. Plaintiff signed the documentation disclosing her status and participation in Alcoholics Anonymous on June 29, 2023. *Id.* ¶ 16.  Plaintiff contends she was "forced to do so . . . against her will." *Id.* On the same day Plaintiff signed the disclosure document, she was "verbally placed on a 30-day Performance Improvement Plan, pending termination." *Id.*

According to Plaintiff, her efforts to maintain non-disclosure led to DFL terminating her employment on July 26, 2023. *Id.* ¶ 17. Plaintiff claims the real reason for termination is her alcoholism disability and the decision to engage in "protected activity by resisting the instruction to complete the paperwork disclosing her status." *Id.* ¶ 18. Based on this belief, Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 15H-2024-00002. *Id.* ¶ 4. The EEOC issued a "Determination and Notice of Suit Rights to Plaintiff," and Plaintiff filed the instant action thereafter in a timely manner. *Id.* 5-6.

In Plaintiff's Complaint, she raises six causes of action that stem from her status as "a qualified individual with an alcoholism disability." *Id.* ¶ 9. The six counts are as follows: (1) Disability Discrimination – Disparate Treatment in Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; (2) Disability Discrimination – Disparate Treatment in Violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10; (3) Hostile Work Environment in Violation of the ADA; (4) Hostile Work Environment in Violation of FCRA; (5) Retaliation in Violation of the ADA; and (6) Retaliation in Violation of the FCRA. *Id.* ¶¶ 20-76.

On January 8, 2025, Defendant DFL filed the instant motion to dismiss, seeking dismissal on all counts since Plaintiff has "failed to plead all elements

required to state a cause of action for any of her six (6) causes of action alleged [and] she failed to even allege that she has a qualifying disability." Dkt. 10 at 14.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief in order to give the defendant fair notice of the claims and grounds. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

In considering a motion to dismiss, the court must construe the facts in the light most favorable to the Plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim is facially plausible when the court can draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. The standard on a Federal Rule of Civil Procedure 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his claims, but whether the allegations are sufficient to allow the case to proceed to discovery in an attempt to prove those

claims. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

## DISCUSSION

For the reasons discussed below, the Court finds Plaintiff has failed to properly plead all six counts. The Court grants Defendant's motion to dismiss the Complaint without prejudice.

## I.    Counts I and II- ADA and FCRA Disability Discrimination Claims

The ADA prohibits Defendant DFL "from discriminating based upon the known physical or mental impairments of a qualified individual with a disability." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). This prohibition includes discharging an employee based on her disability. 42 U.S.C. § 12112(a); *Connelly v. WellStar Health Sys., Inc.*, 758 F. App'x 825, 828 (11th Cir. 2019). Similarly, the FCRA prohibits an employer from discriminating against an employee because of her disability. *See* Fla. Stat. § 760.10; *Holly v. Clairson Industries, L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).

To establish a *prima facie* case of disability discrimination, a plaintiff must show that: "(1) she is disabled, (2) she was a 'qualified individual' when she was terminated, and (3) she was discriminated against on account of her disability." *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016) (citing *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir. 2003)). A plaintiff's "disability discrimination claim

5

under the FCRA includes the same essential elements." *Id.*; *see also Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263–64 (11th Cir. 2007) ("Claims raised under the Florida law are analyzed under the same framework as the ADA.").

As to the first *prima facie* element, Plaintiff must show that she has a disability under three possible avenues: "(A) a physical or mental impairment that substantially limits one or more major life activities . . .; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1)(A)–(C). In other words, a plaintiff has a "disability" under the ADA if the person has an impairment that substantially limits a major life activity, has a record of such an impairment, or is regarded as having such an impairment by an employer. *See Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014).

Under a "major life activities" claim, the ADA defines "major life activities" as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working[,]" as well as "the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(A)-(B).

Here, Defendant argues that Plaintiff has "failed to support her conclusion that she has a disability and provided no allegations of how alcoholism substantially limits a major life activity." Dkt. 10 at 7. Plaintiff's response almost concedes this point by citing cases questioning "whether alcoholism should automatically be designated as a covered disability" and requests that Plaintiff "be permitted to amend her Complaint to reflect her impairment substantially limits at least one major life activity." Dkt. 13 at 4. The Court agrees Plaintiff has failed to sufficiently allege whether her alcoholism qualifies as a disability under the ADA. Without any factual allegations about what major life activities have been substantially limited, the Complaint summarily states, "Plaintiff is a qualified individual with an alcoholism disability." Dkt. 1 ¶ 3. This is an unsupported legal conclusion that the Court need not accept as true. *See Iqbal*, 556 U.S. at 678. Plaintiff must amend her Complaint and properly allege what major life activities have been substantially limited due to her disability. *See Roberts v. Rayonier, Inc.*, 135 F. App'x 351, 355 (11th Cir. 2005) ("Although this circuit has not analyzed an alcohol-related ADA claim in depth, it is clear in the instant case that Roberts has to prove that his condition is one that substantially limits one or more major life activities.").

Moreover, as currently pled, it is unclear whether Plaintiff is proceeding on a "regarded as" claim. *See* 42 U.S.C. § 12102(1)(C). An individual can satisfy the "regarded as" definition under the ADA under the following conditions:

(3) Regarded as having such an impairment

For purposes of paragraph (1)(C):

(A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

(B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

42 U.S.C. § 12102(3). Under this "regarded as" definition of disability, "[t]he relevant inquiry . . . is not the plaintiff's actual condition, but how the Defendant 'perceived [his] condition, including the reactions and perceptions of the persons interacting with or working with him.'" *Smart v. DeKalb Cty., Ga.*, No. 1:16-cv-826-WSD, 2018 WL 1089677, at *9 (N.D. Ga. Feb. 26, 2018) (quoting *E.E.O.C. v. Am. Tool & Mold, Inc.*, 21 F. Supp. 3d 1268, 1275 (M.D. Fla. 2014)); *see also Kim v. Friends Tek, LLC*, No. 1:20-CV-4276-AT-JSA, 2020 WL 11885523, at *8 (N.D. Ga. Dec. 21, 2020) ("[B]ecause Plaintiff alleges in the Amended Complaint that Defendant regarded him as having a disability, he is not required to allege additional facts to show that his alleged perceived disability limits him in a major life activity, or that Defendant believed that his physical impairment limited him in a major life activity."), *report and recommendation adopted*, No. 1:20-CV-4276-AT-JSA, 2021 WL 4839090 (N.D. Ga. Jan. 8, 2021).

Here, parts of the Complaint seem to suggest that Plaintiff is proceeding on a "regarded as" claim since it alleges Plaintiff was "told by DFL she was also required to disclose her alcoholism disability or be separated from employment." Dkt. 1 ¶¶ 3, 11, 18. In other words, Plaintiff alleges Defendant DFL knew of her alcoholism "disability" and required her to disclose the status or face termination. Plaintiff's response, however, defends the Complaint as making a "major life activities" claim under 42 U.S.C. § 12102(1)(A), not § 12102(1)(C). *See* Dkt. 13 at 4. Plaintiff should clarify which of the three types of disability is being alleged under 42 U.S.C. § 12102(1)(A)–(C). Counts I and II are dismissed without prejudice.

## II.     Counts III and IV- Hostile Work Claims

As an initial matter, the Eleventh Circuit has never held in a published opinion that a hostile work environment claim exists under the ADA. *See Menzie v. Ann Taylor Retail, Inc.*, 549 F. App'x 891, 896 n.9 (11th Cir. 2013) ("We have never held in a published opinion that a hostile work environment claim is available under the ADA. We do not decide that issue today because [plaintiff] never asserted such a claim."); *Gilliard v. Ga. Dep't of Corr.*, 500 F. App'x 860, 868 (11th Cir. 2012) ("We have not addressed the availability of a claim for hostile work environment under either the ADA or the Rehab Act."); *see also Stewart v. Jones Util. & Contracting Co. Inc.*, 806 F. App'x 738, 741 n.2 (11th Cir. 2020) (assuming an ADA

hostile work environment claim existed for that case, but noting that "we need not decide whether that cause of action does in fact exist").

The Eleventh Circuit has, however, expressly recognized the existence of a retaliatory hostile work environment claim under Title VII. *Gowski v. Peake*, 682, F.3d 1299, 1311-12 (11th Cir. 2012). Indeed, "several other circuits have concluded that the ADA provides a cognizable claim for a disability-based hostile work environment." *Cooper v. CLP Corp.*, 679 F. App'x 851, 853 n.2 (11th Cir. 2017). Moreover, several district courts within the circuit have assumed this claim exists. *See Phillips v. Harbor Venice Mgmt., LLC*, No. 8:19-CV-2379-T-33TGW, 2020 WL 2735201, at *3-5 (M.D. Fla. May 26, 2020); *Ellison v. Northside Hosp.*, No. 1:18-CV-03382-LMM, 2022 WL 18932818, at *3 (N.D. Ga. May 16, 2022); *Shaling v. UPS Ground Freight*, 202 F. Supp. 3d 1283, 1290–91 (N.D. Ala. 2016); *Schwertfager v. City of Boynton Beach*, 42 F. Supp. 2d 1347, 1365–67 (S.D. Fla. 1999). Therefore, for the purposes of ruling on this Motion, the Court will assume that a disability-based hostile work environment claim is actionable under the ADA. *See Phillips*, 2020 WL 2735201, at *3. Furthermore, given their similar frameworks, this Court will evaluate Plaintiff's claim under the jurisprudence of Title VII. The FCRA also protects employees from a hostile work environment in the same manner as Title VII. *See Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020) (citation omitted).

To adequately allege a hostile work environment claim, a plaintiff must allege that: "(1) [s]he belongs to a protected group; (2) [s]he suffered unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee . . .; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment under a theory of either direct liability or vicarious liability." *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1153 (11th Cir. 2020) (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).

Here, to the extent such a claim exists, Plaintiff has failed to sufficiently plead a hostile work environment claim. The Complaint vaguely states that "Defendant regularly discriminated against and harassed Plaintiff by, among other things: threatening her employment via email and in-person because Plaintiff wished not to disclose her status, and ultimately terminating her employment based upon pretextual accusations." Dkt. 1 ¶ 42. However, "a single incident of harassing conduct cannot support a hostile work environment claim." *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 397 (11th Cir. 2012). The "very nature" of hostile work environment claims "involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). In other words, a hostile work environment claim is "based on the cumulative effect of individual acts." *Id.*

11

The Court finds that Plaintiff being asked to sign a disclosure document via email and in person (Dkt. 1 ¶¶ 12, 15) fails to sufficiently allege a "severe or pervasive" hostile work environment. In the amended complaint, Plaintiff must sufficiently allege all elements of a hostile work environment claim, including facts demonstrating how the workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive environment." *Tonkyro v. Sec'y, Dep't of Veterans Affairs*, 995 F.3d 828, 836-37 (11th Cir. 2021) (citation omitted). Moreover, the "intimidation, ridicule, and insult" must have connotations related to the employee's protected status (here, Plaintiff's alcohol disability) to be actionable. *See id.* at 837. Counts III and IV are dismissed without prejudice.

## III.    Counts V and VI- Retaliation Claims

Finally, Defendant challenges Plaintiff's claim of retaliation under the ADA (Count V) and FCRA (Count VI). Dkt. 10 at 13. The FCRA provides that an employer cannot "discriminate against any person because that person has opposed" an unlawful employment practice or made a charge under the FCRA. Fla. Stat. § 760.10(7). As with disability discrimination claims, retaliation claims brought under the FCRA are analyzed under the ADA framework. *Monroe v. Florida Dep't of Corr.*, 793 F. App'x 924, 928 (11th Cir. 2019) (citing *Frazier-White*, 818 F.3d at 1258). The ADA, in turn, provides that "[n]o person shall discriminate against any

individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a).

To establish a *prima facie* case of retaliation, a plaintiff must allege that: (1) she engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the adverse action and his protected expression. *Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1243 (11th Cir. 2010). The ADA's anti-retaliation provision mirrors the language of Title VII, so the Eleventh Circuit has upheld the use of Title VII's retaliation framework on claims arising under the ADA. *Stewart*, 117 F.3d at 1287. "The first element may be met by a request for a reasonable accommodation." *Frazier-White*, 818 F.3d at 1258 (citation omitted). "The third element requires a showing of but-for causation." *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 361–62 (2013)).

For an expression to be statutorily protected, "a plaintiff must not only show that he subjectively (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was objectively reasonable in light of the facts and record presented." *Covel v. Cmty. Physicians of N. Port, P.A.*, No. 23-10853, 2024 WL 1923256, at *3 (11th Cir. May 1, 2024) (citing *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). Additionally, "where binding precedent squarely holds that particular conduct is not

13

an unlawful employment practice by the employer . . . an employee's contrary belief that the practice is unlawful is unreasonable." *Id.* (citing *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1214 (11th Cir. 2009)).

Here, Plaintiff claims she engaged in statutory protected expression "on multiple occasions," with the most important instance being her resistance to "disclosing her disability, which is her legal right to maintain as confidential." Dkt. 1 ¶¶ 58, 70. However, at this stage in the proceeding, it is unclear whether refusing to disclose a disability on a document is an objectively reasonable expression that is statutorily protected. Defendant's motion to dismiss argues that Plaintiff's refusal to disclose her status is not statutorily protected, but the motion fails to cite a case to support this proposition. Dkt. 10 at 13. Plaintiff's response is even less helpful. Without citing any legal authority, Plaintiff summarily states that "[Plaintiff's] initial resistance is the protected action and what ultimately got her fired." Dkt. 13 at 6.

While some caselaw suggests a refusal to answer employer questions about medical conditions is statutorily protected conduct, it is unclear whether refusing to disclose one's disability on a form is a protected activity. *See e.g.*, *Batson v. Salvation Army*, 897 F.3d 1320, 1325 (11th Cir. 2018) (finding the plaintiff engaged in protected activity when "she told her interviewers that she knew federal law and believed they were not permitted to ask about her medical condition"); *Ward v. U.S. Xpress, Inc.*, No. 5;18CV00644-UJH-AKK, 2018 WL 4951973, at *2 (N.D. Ala.

14

Oct. 12, 2018) (finding the plaintiff properly pled "protected activity after [the defendant] questioned her ability to perform the position given her prior cancer diagnosis," and the plaintiff told the defendant it was discriminatory to deny her employment because of her medical history); *Firster v. Athens Heart Ctr., P.C.*, 305 F. Supp. 3d 1368, 1376 (M.D. Ga. 2017) (finding the plaintiff engaged in statutorily protected conduct when she complained about a fellow employee accessing her medical records). As such, Plaintiff should flesh out the other "multiple occasions" where Plaintiff engaged in statutorily protected expression and clarify how refusing to disclose her disability on a form qualifies as a statutorily protected activity.

The Court notes, however, that the ADA does restrict an employer's ability to make medical examinations or inquiries that relate to an employee's disability status. *See* 42 U.S.C. § 12112(d). Pursuant to § 12112(d)(4)(A) of the ADA:

> [a] covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A). Plaintiff should clarify whether she is attempting to bring a cause of action under § 12112(d)(4)(A) because Defendant made an allegedly improper inquiry into (i.e., requested her to disclose) her disability that she wished to keep confidential.

15

Plaintiff should also explain how one can become a "peer specialist" without a history or discussion of one's recovery. The statute seems to contemplate just that. *See* Fla. Stat. § 397.417(2). Plaintiff must address this.

If Plaintiff is actually making a claim under § 12112(d)(4)(A), she must also allege "damages—emotional, pecuniary, or otherwise." *Russell v. City of Mobile Police Dept.*, 552 F. App'x 905, 907 (11th Cir. 2014) (citing *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1216–17 (11th Cir. 2010)). As pled, Counts and V and VI are dismissed without prejudice.

## CONCLUSION

Plaintiff has not adequately pled her case. Notwithstanding, because the Complaint is the first operative complaint dismissed by the Court, Plaintiff will have another opportunity to do so. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' Motion to Dismiss, Dkt. 10, is **GRANTED.** Plaintiff's Complaint, Dkt. 1, is **DISMISSED** without prejudice.

2. If Plaintiff chooses to file an Amended Complaint, she shall do so within **fourteen (14) days** of this Order.

**DONE AND ORDERED** in Tampa, Florida, on February 24, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

16

**<u>COPIES FURNISHED TO:</u>**
Counsel of Record