UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JANE DOE**,

    Plaintiff,

v.                                            Case No: 8:24-cv-02530-WFJ-LSG

**DIRECTIONS FOR MENTAL HEALTH,
INC.** d/b/a Directions for Living

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Motion for Permission to Proceed Under Pseudonym. Dkt. 1-3. Upon careful consideration, the Court denies Plaintiff's Motion without prejudice.

### BACKGROUND

This case revolves around an alleged unlawful termination due to Plaintiff's alcoholism disability. Plaintiff worked for Defendant Directions for Mental Health, Inc. ("DFL") as a "Peer Specialist." Dkt. 1 ¶ 7. The Florida legislature has specifically defined the qualifications to be a peer specialist:

> Qualifications– A person may seek certification as a peer specialist if he or she has been in recovery from a substance use disorder or mental illness for the past 2 years or if he or she is a family member or caregiver of a person with a substance use disorder or mental illness.

Fla. Stat. § 397.417(2). "Peer specialists provide effective support services because they share common life experiences with the persons they assist." *Id.* § 397.417(1)(a)(3.).

Plaintiff alleges that "[a]t the time of hiring and throughout her employment, Plaintiff met the necessary lived experience disclosure requirements for her position with DFL." Dkt. 1 ¶ 10. However, on or about June 5, 2023, Defendant asked Plaintiff to either disclose her alcoholism disability or be terminated. *Id.* ¶ 11. At first, Plaintiff declined to sign any form and informed DFL she was not comfortable disclosing her disability. *Id.* ¶ 12. According to Plaintiff, her efforts to maintain non-disclosure led to DFL terminating her employment on July 26, 2023. *Id.* ¶ 17. Plaintiff claims the real reason for termination is her alcoholism disability and the decision to engage in "protected activity by resisting the instruction to complete the paperwork disclosing her status." *Id.* ¶ 18.

On October 29, 2024, Plaintiff filed the instant motion to proceed under a pseudonym. Plaintiff argues that her "disability-related privacy rights of the Plaintiff protected by the Americans with Disabilities Act outweigh the presumption of openness in federal courts." Dkt. 1-3 at 1. On February 21, 2025, the Court ordered Defendant DFL to respond to Plaintiff's Motion by February 27, 2025. As of the time of this Order, Defendant has still not filed a response to Dkt. 1-3. As such, the Court will treat Plaintiff's Motion to Proceed Under Pseudonym as unopposed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 10(a), a complaint filed in federal court "must name all the parties[.]" The rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). However, the "strong presumption in favor of parties proceeding in their own names . . . is not absolute." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (citing *Francis*, 631 F.3d at 1315). If "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings,'" then a plaintiff may proceed under a pseudonym. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Id.* Whether a party will be permitted to proceed anonymously is within the court's discretion. *Francis*, 631 F.3d at 1315.

## DISCUSSION

Plaintiff argues that Defendant "illegally retaliated against . . . for refusing to disclose her specific disability, . . . [t]herefore, to require her to 'out herself' so she can pursue justice in federal court is simply contradictory [and] unjust." Dkt. 1-3 at 2. Furthermore, Plaintiff contends the Americans with Disabilities Act's ("ADA") provisions that prohibit disability-related inquiries from employers support

3

Plaintiff's motion to proceed anonymously. *Id.* at 3-4. However, for the reasons discussed below, the Court finds that Plaintiff has failed to properly demonstrate her privacy interest outweighs the presumption of judicial openness. The Court denies Plaintiff's Motion for Leave to Proceed Under Pseudonym.

When determining whether a party's right to privacy outweighs the presumption of judicial openness, courts consider the totality of the circumstances. *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020). First, a court should consider "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* at 1247. Courts should also consider "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316.

Here, Plaintiff is proceeding on the second prong—i.e., to bring her claims under the ADA, Plaintiff would be compelled to disclose information of the utmost intimacy. Dkt. 1-3 at 2. Plaintiff, however, has not shown that her interest in keeping her alcoholism disability private outweighs the strong presumption of judicial openness. *See Frank*, 951 F.2d at 324 (finding "no abuse of discretion in the district

4

court's implicit conclusion that the stigma involved in Doe's disclosure [of alcoholism] does not rise to the level necessary to overcome the presumption of openness in judicial proceedings).

While the Court is sympathetic to Plaintiff's fears of stigmatization, humiliation, and embarrassment (Dkt. 1 ¶¶ 45, 53, 64, 75; Dkt. 1-3 at 2), such concerns are insufficient to outweigh the interest in proceeding publicly. *See Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) ("This Court has said 'personal embarrassment' alone is not enough for leave to proceed anonymously."); *see also Doe v. Fla. Coll., Inc.*, No. 8:24-CV-1587-MSS-NHA, 2024 WL 5057618, at *3 (M.D. Fla. Dec. 10, 2024) (rejecting the plaintiff's "conclusory statements about the stigmatization and embarrassment he expects to experience"); *Doe v. Gutteridge Jeancharles, M.d., P.A.*, No. 6:24-CV-34-WWB-RMN, 2024 WL 701277, at *3 (M.D. Fla. Feb. 20, 2024), *appeal dismissed*, No. 24-10701, 2024 WL 1733980 (11th Cir. Apr. 23, 2024) (finding the plaintiff's fears of embarrassment, humiliation, and retaliation due to being an alleged victim of labor trafficking is not enough to proceed anonymously); *E.K v. Walt Disney Parks & Resorts U.S., Inc.*, No. 6:22-CV-1919-RBD-DCI, 2022 WL 17582554, at *3 (M.D. Fla. Dec. 12, 2022) (finding "reputational concerns and fear of future harassment and risk of harm . . . mostly based on pure speculation" is insufficient to proceed under pseudonym).

Moreover, even in cases where a plaintiff alleges he or she was the victim of sexual assault, courts often deny permission to proceed anonymously. *See Francis*, 631 F.3d at 1316 ("[C]ourts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment." (quotation marks omitted)); *see also id.* (collecting cases where the Eleventh Circuit has concluded the allegations involve matters of the utmost intimacy such as abortion, prayer, and religious beliefs); *Sheely*, 781 F. App'x at 973 (affirming district court's denial of a motion to proceed under pseudonym by a plaintiff who alleged she was sexually assaulted on several occasions while incarcerated).

Importantly, Plaintiff does not allege any of the additional factors that might allow her to proceed anonymously. *See Francis*, 631 F.3d at 1316. The Complaint does not allege Plaintiff is a minor, at present or at the time of the alleged wrongdoing. *See generally* Dkt. 1. Plaintiff does not allege she was threatened with violence or physical harm. *Id.* Nor does Plaintiff provide evidence that she is likely to be subject to future threats or harassment from DFL or the public. *Id.* Instead, Plaintiff makes conclusory statements about disability stigmatization and vague references to congressional intent behind the ADA's passage. Dkt. 1-3 at 3-4.

Finally, Plaintiff requests anonymity to "limit disclosure of personal medical information to the general public" but was previously employed as a "peer

6

specialist." Dkt. 1-3 at 4; Dkt. 1 ¶ 7. The statutory job definition of a peer specialist requires the person to publicly disclose one's disability to support others. *See* Fla. Stat. § 397.417(1)(a)(3.) ("Peer specialists provide effective support services because they share common life experiences with the persons they assist."). Indeed, to become certified as a peer specialist, an applicant must disclose that "he or she has been in recovery from a substance use disorder or mental illness for the past 2 years." *Id.* § 397.417(2). This cuts against Plaintiff's arguments about her need to limit the disclosure of her disability to the public.

In sum, Plaintiff has not met her burden of establishing a substantial privacy right that overcomes the presumption of judicial openness. The Court finds that this matter does not rise to the type of "exceptional case in which a plaintiff may proceed under a fictitious name." *See Frank*, 951 F.2d at 323–24 ("Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.").

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Leave to Proceed Under Pseudonym, Dkt. 1-3, is **DENIED without prejudice**.

2. In accordance with the Court's previous Order granting Defendant's motion to dismiss, Dkt. 17, **on March 10, 2025**, Plaintiff must also amend her complaint to disclose her name. Thereafter, Defendant DFL will be permitted to include Plaintiff's name in future filings.

3. If Plaintiff offers specific evidence within **FOURTEEN (14) DAYS** of filing her amended complaint to support her claim to proceed under pseudonym, the Court will revisit this Order.

**DONE AND ORDERED** in Tampa, Florida, on March 7, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record